```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                   Case No. 19-05177-HWV
Walter R White, III                                                      Chapter 13
       Debtor                        CERTIFICATE OF NOTICE
District/off: 0314-1           User: AutoDocke                Page 1 of 2                   Date Rcvd: Feb 11, 2020
                               Form ID: pdf002                Total Noticed: 28


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 13, 2020.
db             +Walter R White, III,    901 Miller Street,    Lebanon, PA 17046-2119
5278325        +Barclays Bank Delaware,    Attn: Correspondence,    PO Box 8801,    Wilmington, DE 19899-8801
5278327        +Capital One/Walmart,    PO Box 530927,    Atlanta, GA 30353-0927
5298581         Citibank, N.A.,    5800 S Corporate Pl,    Sioux Falls, SD 57108-5027
5278328        +Citibank/The Home Depot,    Attn: Centralized Bankruptcy,    PO Box 790034,
                 St Louis, MO 63179-0034
5278329        +First National Bank/Legacy,    Attn: Bankruptcy,    PO Box 5097,    Sioux Falls, SD 57117-5097
5278330        +First Premier Bank,    Attn: Bankruptcy,    PO Box 5524,    Sioux Falls, SD 57117-5524
5278331        +First Savings Bank/Blaze,    Attn: Bankruptcy,    PO Box 5096,    Sioux Falls, SD 57117-5096
5278333        +InCharge,   5750 Major Boulevard, Suite 300,    Orlando, FL 32819-7971
5284519        +Lancaster Gen Hospital,    c/o Creditors Bankruptcy Service,    P.O. Box 800849,
                 Dallas, TX 75380-0849
5278334        +Melnick, Moffitt & Mesaros ENT,    927 Russell Drive,    Lebanon, PA 17042-7487
5278335        +Mr. Cooper,   Attn: Bankruptcy,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
5294322        +Nationstar Mortgage LLC dba Mr. Cooper,    P.O. Box 619096,    Dallas, TX 75261-9096
5278339       ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Financial Services,     PO Box 15012,    Chandler AZ 85244-5012)
5290315        +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5278326        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 11 2020 19:44:29      Capital One,
                 Attn: Bankruptcy,    PO Box 30285,    Salt Lake City, UT 84130-0285
5290208         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Feb 11 2020 19:44:29
                 Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC 28272-1083
5278332        +E-mail/Text: GenesisFS@ebn.phinsolutions.com Feb 11 2020 19:38:16      Genesis Bc/Celtic Bank,
                 Attn: Bankruptcy,    PO Box 4477,    Beaverton, OR 97076-4401
5278323         E-mail/Text: cio.bncmail@irs.gov Feb 11 2020 19:37:36      Internal Revenue Service,    POB 7346,
                 Philadelphia, PA 19101-7346
5299625         E-mail/Text: JCAP_BNC_Notices@jcap.com Feb 11 2020 19:37:59      Jefferson Capital Systems LLC,
                 PO Box 7999,    St Cloud MN 56302-9617
5278336        +E-mail/PDF: cbp@onemainfinancial.com Feb 11 2020 19:44:09      OneMain Financial,
                 Attn: Bankruptcy,    PO Box 3251,    Evansville, IN 47731-3251
5278324         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 11 2020 19:37:49      PA Department of Revenue,
                 Attn: Bankruptcy Division,    Dept 280946,    Harrisburg, PA 17128-0946
5298605         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 11 2020 19:44:51
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5295363        +E-mail/Text: JCAP_BNC_Notices@jcap.com Feb 11 2020 19:37:59      Premier Bankcard, Llc,
                 Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
5298614        +E-mail/PDF: gecsedi@recoverycorp.com Feb 11 2020 19:44:25      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk VA 23541-1021
5278337        +E-mail/PDF: gecsedi@recoverycorp.com Feb 11 2020 19:44:44      Synchrony Bank/Care Credit,
                 Attn: Bankruptcy Dept,    PO Box 965060,    Orlando, FL 32896-5060
5278338        +E-mail/PDF: gecsedi@recoverycorp.com Feb 11 2020 19:44:11      Synchrony Bank/Gap,
                 Attn: Bankruptcy Dept,    PO Box 965060,    Orlando, FL 32896-5060
5278340        +E-mail/Text: bnc-bluestem@quantum3group.com Feb 11 2020 19:38:07      Webbank/Gettington,
                 Attn: Bankruptcy,    6250 Ridgewood Road,    Saint Cloud, MN 56303-0820
                                                                                             TOTAL: 13

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 13, 2020                                             Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 11, 2020 at the address(es) listed below:

```
Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
Gary J Imblum    on behalf of Debtor 1 Walter R White, III gary.imblum@imblumlaw.com,
 gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
 ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase
 .com
James   Warmbrodt    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
 bkgroup@kmllawgroup.com
James   Warmbrodt    on behalf of Creditor    Nationstar Mortgage LLC D/B/A Mr. Cooper
 bkgroup@kmllawgroup.com
United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                             TOTAL: 5
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| Walter R. White, III | CASE NO. |

☑ ORIGINAL PLAN
___ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$11,000.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 01/20 | 07/24 | 200.00 | 0.00 | 200.00 | 11,000.00 |
| 08/24 | 12/24 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $11,000.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Rev. 12/1/18

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $___ from the sale of property known and designated as ___. All sales shall be completed by ___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Mr. Cooper | 901 Miller Street Lebanon, PA 17046 Lebanon County Value per market analysis - see Exhibit | 8603 |
| Toyota Financial Services | 2018 Toyota Corolla 15,000 miles | 0001 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

2

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Mr. Cooper | 901 Miller Street Lebanon, PA 17046<br>Lebanon County<br>Value per market analysis - see Exhibit | $1,756.86 | $0.00 | $1,756.86 |
| Toyota Financial Services | 2018 Toyota Corolla 15,000 miles | $726.66 | $0.00 | $726.66 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*
☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. **Attorney's fees.** Complete only one of the following options:

   a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $**see 9 below** per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. **Other.** Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
   *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. **Priority Claims (including, certain Domestic Support Obligations**

   ☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
   *Check one of the following two lines.*

☑ **None.** *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

  B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

  ☑ **None.** *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

  **Property of the estate will vest in the Debtor upon**

  *Check the applicable line:*

  ☐ plan confirmation.
  ☐ entry of discharge.
  ☑ closing of case.

7. **DISCHARGE: (Check one)**

  ☑ The debtor will seek a discharge pursuant to § 1328(a).

  ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

4

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

Case 1:19-bk-05177-HWV Doc 21 Filed 02/13/20 Entered 02/14/20 00:40:26 Desc
Imaged Certificate of Notice Page 6 of 7

1A. If one of the debtors is not employed at the time of the filing of the plan, but has the ability to work, Debtors will notify counsel when he (or she) returns to work, and any necessary adjustments to the plan will be made at that time.

2(C). Debtor waives the right to object to these claims after the Plan is confirmed.

2(E). Amounts stated are estimated. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.

2F. The collateral being surrendered is being surrendered in full satisfaction of debt.

3B. IRS and PA Department of Revenue - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.

3A(2). Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.

In addition to fees, Debtors will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtors.

Dated: _____

_____
Gary J. Imblum 42606
Attorney for Debtor

_____
Walter R. White, III
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.